IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES F. STANSBURY, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-16-3888 |
| HONORABLE STEPHEN M. WALDRON, HONORABLE YOLANDA L. CURTAIN, LISA HYLE MARTS, HONORABLE ANGELA M. EAVES, ERIC P. MACDONNELL, | * * * | |
| Defendants. | * | |

*****

**<u>MEMORANDUM OPINION</u>**

Plaintiff Charles Stansbury, Jr., a resident of Abingdon, Maryland, filed this Complaint against three Harford County Maryland Circuit Court Judges, an Assistant State's Attorney, and an Assistant Public Defender, seemingly invoking this Court's civil rights jurisdiction under 28 U.S.C. § 1343. ECF No. 1 at p. 4. Stansbury claims that he was subject to "double jeopardy, due process, deprivation of rights, cruel and unusual punishment, malicious prosecution, obstruction of justice" under the federal Constitution and criminal code. <u>Id.</u> He appears to take issue with various proceedings before the aforementioned judges in the Circuit Court for Harford County in 2014 and 2015, as well as the decisions made by the prosecution and defense counsel in those proceedings.[1] Stansbury alleges that he has suffered social and economic injury and experienced emotional distress and severe depression. He seeks $5 million in compensatory and punitive damages. <u>Id.</u>, at pp. 5–11. Because he appears indigent, Stansbury's Motion for Leave to Proceed in Forma Pauperis shall

---

[1] Stansbury checks off the tort, civil rights, and statutory boxes of the Nature of Suit section of his Civil Cover Sheet.

be granted. The Court, however, will summarily dismiss Stansbury's Complaint.

The in forma pauperis statute authorizes district courts to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B) (2012). Because Stansbury is proceeding in forma pauperis, the Court must conduct a sua sponte screening of this Complaint.[2] See id.

Although the Complaint lacks any clear factual allegations regarding Stansbury's criminal case history, the Court sees no need to obtain supplemental materials from him in this case as the State court judges named are not subject to suit. The alleged actions (or inactions) of Judges Waldron, Curtain, and Eaves occurred in their capacity as judges. Therefore, Stansbury's claims against the judges are barred by the doctrine of judicial immunity and must be dismissed. See Mireles v. Waco, 502 U.S. 9, 9–11 (1991); Forrester v. White, 484 U.S. 219, 226–27 (1988); Stump v. Sparkman, 435 U.S. 349, 355–56 (1978). Further, his claim against Assistant State's Attorney Marts for "prosecuting an illegal sentence" is subject to dismissal. Assistant State's Attorney Marts is absolutely immune from damage liability for actions taken in her prosecutorial capacity, because the decision whether to prosecute plainly falls under such protected actions. See Imbler v. Pachtman,

---

[2] A self-represented party's complaint must be given a liberal construction. Erickson v. Pardus, 551 U.S. 89 (2007). A party proceeding pro se, however, has "the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Complaint must present "enough facts to state a claim to relief that is plausible on its face." Id. at 570. At this stage, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the Plaintiff. Id. at 555.

424 U.S. 409, 431 (1976); Springman v. Williams, 122 F.3d 211, 213-14 (4th Cir. 1997); Lyles v. Sparks, 79 F.3d 372, 376-77 (4th Cir. 1996).

Finally, Stansbury's damage claim against Assistant Public Defender MacDonnell may not proceed. Jurisdictional and threshold requirements of 42 U.S.C. § 1983 civil actions require that a substantial federal question be asserted and that the named defendant be acting "under color of" state law. See 28 U.S.C. §§ 1343(a)(3) and (4); West v. Adkins, 487 U.S. 42, 49 (1988); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928-930 (1982). A defense attorney, whether privately retained or court-appointed, represents only his client, not the State. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976). Defendant MacDonnell is not a person acting under color of state law.

To the extent that Stansbury wishes to raise a common-law tort claim in the federal court, he may not so do. This is a court of limited original jurisdiction that does not sit to review every claim related to alleged tortious or fraudulent conduct involving non-federal parties. It only has authority to review such claims filed pursuant to a federal district court's diversity-of-citizenship jurisdiction.

When a party seeks to invoke diversity jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. See Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." Stouffer Corp. v. Breckenridge, 859 F.2d 75,

3

76 (8th Cir. 1988) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). According to the Complaint, all parties reside in Maryland. Thus, Stansbury's vague allegations of tortious conduct cannot meet federal diversity requirements.

To the extent that Stansbury alleges that Defendants have violated several provisions of Article 18 of the federal criminal code, the court notes that, as a private citizen, he lacks a judicially cognizable interest in the prosecution or non-prosecution of Defendants for their alleged unlawful acts. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Otero v. United States Attorney General, 832 F.2d 141 (11th Cir. 1987). That power is invested exclusively in the executive branch. Therefore, Stansbury's "criminal complaint" may not stand against the named Defendants.

For the foregoing reasons, the Court finds that the instant matter is subject to dismissal under 28 U.S.C. § 1915. A separate order follows.

Entered this 19th day of December, 2016

/s/
_____
George L. Russell, III
United States District Judge